**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PODIATRY FOOT & ANKLE INSTITUTE P.A.**, individually and behalf of all others similarly situated,<br><br>  **Plaintiff,**<br><br>  v.<br><br>**HARTFORD INSURANCE COMPANY OF THE MIDWEST,**<br><br>  **Defendant.** | Civ. No. 20-20057 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  This is another case where a business (here, Podiatry Foot & Ankle Institute P.A.) seeks coverage from its commercial insurer (here, Hartford Insurance Company of the Midwest) for losses related to the COVID-19 pandemic. Hartford moves to dismiss for failure to state a claim, arguing that the policy's "virus exclusion" bars coverage. (DE 8.)[1] For reasons I gave in *Eye Care Center of New Jersey, P.A. v. Twin City Fire Insurance Co.*, Civ. No. 20-05743, 2021 WL 457890 (D.N.J. Feb. 8, 2021), now the subject of a Third Circuit appeal, *appeal docketed*, No. 21-1315 (3d Cir. Feb. 24, 2021), the motion is **GRANTED**.

---

[1] Certain citations to the record are abbreviated as follows:

  DE = docket entry

  Compl. = Complaint (DE 1)

  Policy = Insurance Policy, Ex. A to the Compl. (DE 1) (Because the policy renumbers its pages for each section, I will use the page numbers assigned by ECF for pinpoint citations.)

  Opp. = Podiatry's Brief in Opposition to the Motion to Dismiss (DE 19)

I. **BACKGROUND**

Following its emergence in December 2019, the novel coronavirus COVID-19 spread throughout the world. (Compl. ¶¶ 39–46.) In response, governments, including New Jersey's, ordered businesses to close or restrict their operations. (*Id.* ¶¶ 51–58.) As a result, Podiatry, a New Jersey-based professional association specializing in podiatric services, either ceased or restricted operations over the past year, in compliance with the particular government order then in place. (*Id.* ¶¶ 1, 58, 60.)

To recoup its losses, Podiatry sought to recover on a commercial insurance policy it had with Hartford. (*Id.* ¶¶ 61–60.) The policy generally provides that Hartford "will pay for direct physical loss of or physical damage to Covered Property . . . caused by or resulting from a Covered Cause of Loss." (Policy at 68.) "Covered Cause of Loss" is somewhat circularly defined to include "risks of direct physical loss" unless the loss is otherwise excluded. (*Id.* at 69 (capitalization altered).)

Then, in a section called "Additional Coverages," the policy explains what exactly Hartford will pay for. (*Id.* at 70.) The policy will reimburse the insured for lost "Business Income" during suspension of operations, as well as "Extended Business Income" for the period from when the business reopens until it returns to normal. (*Id.* at 77–78.) The policy also makes explicit that "[t]his insurance is extended to apply to the actual loss of Business Income you sustain when access to your [property] is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss." (*Id.* at 78.)

From that broad coverage, the policy specifically excludes several kinds of occurrences. One exclusion relates to viruses:

> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss:
>
>> (1) Presence, growth, proliferation, spread or any activity of . . . virus.

2

(*Id.* at 159.) Relying on that "virus exclusion," Hartford denied Podiatry's claim for losses sustained due to governmental restrictions relating to COVID-19. (*See* Compl. ¶ 14, 16, 66.)

In response to that denial, Podiatry sued Hartford. Podiatry brings three trios of claims: for a declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing. One trio arises from Hartford's denial of business income coverage (Counts 1–3), a second from extended business income coverage (Counts 4–6), and a third from civil authority coverage (Counts 7–9). (*Id.* ¶¶ 90–190.) Podiatry brings all its claims individually and behalf of a proposed class of businesses with the same policy that have suffered losses to COVID-19-related closures. (*Id.*) Hartford moves to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

## III. DISCUSSION

Whether Podiatry's losses are covered under the policy is a question of contract interpretation. *Cypress Point Condo. Ass'n, Inc. v. Adria Towers, LLC*,

143 A.3d 273, 280 (N.J. 2016).[2] I apply the plain language of the policy. *Id.* Although "exclusions are ordinarily strictly construed against the insurer," I cannot disregard an otherwise plain meaning. *Flomerfelt v. Cardiello*, 997 A.2d 991, 997 (N.J. 2010). When an exclusion clearly applies to a complaint's allegations, I may dismiss the complaint. *E.g., Brewer v. U.S. Fire Ins. Co.*, 446 F. App'x 506, 510 (3d Cir. 2011).

The policy and claims here are identical to those I reviewed in *Eye Care*. As I explained more fully there, (1) the virus exclusion will bar all forms of coverage, (2) the exclusion applies to COVID-19 losses because "but for the 'spread' of COVID-19, governments would not have issued closure orders," and the business would not have curtailed operations, (3) the exclusion's language was also broad enough to bar coverage even if "COVID-19 could still be considered an indirect or sequential cause," and (4) New Jersey case law and cases from across the country were in accord. *Eye Care*, 2021 WL 457890, at *2–4. Assuming the accuracy of my interpretation, Podiatry's claims were properly denied pursuant to the virus exclusion.

Podiatry does not dispute that *Eye Care* is on point. (Opp. at 18.) Nonetheless, Podiatry offers three arguments why this case should come out differently. None is persuasive.

First, Podiatry spends much of its brief arguing that its losses qualify as a "Covered Cause of Loss." (*Id.* at 5–16.) No one seems to be disputing that. But the virus exclusion excludes losses that would otherwise be covered; if it applies (and I have found it does), then Podiatry's argument is beside the point. *Eye Care*, 2021 WL 457890, at *2. Since *Eye Care*, courts in this District have rejected the same argument for the same reason. *E.g., Benamax Ice, LLC v. Merchant Mut. Ins. Co.*, Civ. No. 20-8069, 2021 WL 1171633, at *4 (D.N.J. Mar. 29, 2021); *Garmany of Red Bank, INC. v. Harleysville Ins. Company & Nationwide Ins. Co.*, Civ. No. 20-8676, 2021 WL 1040490, at *4 (D.N.J. Mar.

---

[2] The parties agree that New Jersey law applies. (*See* Opp. at 3–4.)

18, 2021); *Del. Valley Plumbing Supply, Inc. v. Merchants Mut. Ins. Co.*, Civ. No. 20-8257, 2021 WL 567994, at *3 (D.N.J. Feb. 16, 2021).

Second, Podiatry argues that the virus exclusion can be read to mean that the virus must be present at the property. This, in Podiatry's view, is sufficient at least to create an ambiguity, which should be resolved in its favor. (Opp. at 18–20.) I rejected this argument in *Eye Care,* 2021 WL 457890, at *3, and I do so again here. Moreover, Podiatry's attempt to identify an ambiguity falls flat because, to my knowledge, every New Jersey court has interpreted the same or similar exclusions to bar coverage.[3]

Third, Podiatry argues that government orders, not the virus itself, should be considered the cause of its losses. (Opp. at 20–22.) I rejected this argument in *Eye Care*, too. 2021 WL 457890, at *3–4. Further, courts in this District have uniformly held the same since *Eye Care. E.g.*, *Garmany*, 2021 WL 1040490, at *5–7; *In the Park Savoy Caterers LLC v. Selective Ins. Grp., Inc.*, Civ. No. 20-6869, 2021 WL 1138020, at *3–4 (D.N.J. Feb. 25, 2021).

All said, then, Podiatry's arguments do not require a different result from *Eye Care* or any of the other New Jersey cases addressing these claims. Thus, I will dismiss the Complaint. Although this is an initial dismissal, it is based on the Court's reading of the plain language of the policy, so amendment would be futile. I will therefore dismiss with prejudice, rendering this a final and appealable decision. Allowing Podiatry to quickly appeal this order also makes sense because over of a dozen of these COVID-19 insurance coverage cases are currently on appeal to the Third Circuit. The Court of Appeals has consolidated

---

[3]    Podiatry relies primarily on *Henderson Road Restaurant Systems, Inc. v. Zurich American Insurance Co.*, which adopted its favored reading. --- F. Supp. 3d ----, ----, No. 20-cv-1239, 2021 WL 168422, at *15 (N.D. Ohio Jan. 19, 2021). For the reasons I gave in *Eye Care*, I disagree. Courts in this District, and even in the Northern District of Ohio itself, likewise have declined to follow *Henderson. E.g., MIKMAR, Inc. v. Westfield Ins. Co.*, --- F. Supp. 3d ----, ----, No. 20-CV-01313, 2021 WL 615304, at *10–11 (N.D. Ohio Feb. 17, 2021), *appeal docketed*, No. 21-3230 (6th Cir. Mar. 10, 2021); *Kahn v. Pa. Nat'l Mut. Cas. Ins. Co.*, --- F. Supp. 3d ----, ----, No. 20-cv-781, 2021 WL 422607, at *7 (M.D. Pa. Feb. 8, 2021).

those appeals, asked for joint briefing, and ordered the clerk to identify related future appeals and stay them pending resolution of the consolidated appeals. Order, *Eye Care Ctr. of N.J., PA, v. Twin City Fire Ins. Co.*, No. 21-1315 (3d Cir. Apr. 6, 2021), DE 23.

## IV.     CONCLUSION

For the reasons set forth above, the motion to dismiss is granted.

A separate order will issue.

Dated: April 9, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**